U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 2 0 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **JULES MOTEN, JR.** | **DOCKET NO. 07-CV-0327** |
| **VERSUS** | **JUDGE TRIMBLE** |
| **LOUISIANA DEPT. OF CORRECTIONS, ET AL.** | **MAGISTRATE JUDGE KIRK** |

### REPORT AND RECOMMENDATION

Before the court is the pro se civil rights complaint (42 U.S.C. § 1983) of Plaintiff Jules Moten, Jr., filed on February 15, 2007. Moten is incarcerated at the J. Levy Dabadie Correctional Center ("JLDCC") in Pineville, Louisiana. Plaintiff named as defendants Louisiana Department of Corrections ("LDOC") and the "Head Staff" and "Records Department" at JLDCC. He asks that his record be cleared and corrected, and seeks monetary damages for a violation of his constitutional rights.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### FACTUAL BACKGROUND

According to documents submitted by Moten, he pled guilty in 1992 to violating Louisiana Revised Statute 14:94 (A) in that he intentionally, and in a criminally negligent manner, discharged a firearm wherein it was foreseeable that death and great bodily harm to a human being might result. [Doc. #1-1, p. 7, 8] He was sentenced to serve two years at hard labor to run concurrent with a sentence that had been imposed in another case (88-0531-C, 27th Judicial District Court, St. Landry Parish, Louisiana).

Apparently, years later, Defendant was convicted of another offense and is currently serving a sentence in that case, Docket No. 99-K-4851-D. Plaintiff claims that the "Master Prison Record" is incorrect due to the improper calculation of his current sentence. Plaintiff claims that the length of his sentence was wrongfully increased by the prior conviction(s). He asks that the record be corrected and that he be awarded monetary damages for a violation of his constitutional rights.

On January 5, 2007, Plaintiff filed suit in this Court against Avoyelles Correctional Center and various officials at that institution. [1:07-cv-0027] In that case, Plaintiff sought to be cleared for immediate release from prison because the length of his sentence was incorrect. [Doc. #1-1; 07-cv-0027] Plaintiff's case was dismissed, and he was instructed to exhaust state court remedies before proceeding with a federal habeas case. [Doc. #17, 18]

While Plaintiff's first case was pending, he filed the instant suit (Docket No. 07-cv-0327) and another case (Docket No. 07-cv-0328) in this Court. In both of these cases, Plaintiff seeks damages and injunctive relief based on the same facts presented in the initial suit, 07-0027.

**Law and Analysis**

To the extent that Plaintiff is seeking to have his sentence "corrected" or amended, which would result in an earlier release from custody, his claim must be dismissed. **Such relief is not available by way of a civil rights action.** See Carson v. Johnson, 112 F.3d 818, 820 (5th Cir.1997). A §1983 action is appropriate for recovering damages resulting from illegal administrative procedures; a **habeas** action is the appropriate federal remedy for a state prisoner challenging the fact or duration of his confinement. See Cook v. Texas Dept. of Criminal Justice Planning Dept., 37 F.3d 166, 168 (5th Cir.1994). Therefore, in order to state a claim to correct his sentence and be released from custody, Plaintiff would have to pursue a habeas corpus action following proper procedures,

which were explained to Plaintiff in Docket No. 07-cv-0027 [Doc. #17].

To the extent that Plaintiff seeks monetary damages, his claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994). It is well established that, in order to recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. at 486-87. A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. Id. The complaint must be dismissed unless and until the plaintiff demonstrates that the conviction or sentence has been invalidated. Id.

Plaintiff's civil rights claim implicates the validity of the length of his criminal sentence. Plaintiff does not allege, nor does the published jurisprudence of the State of Louisiana establish, that his conviction, or the sentence imposed, has been set aside. In fact, Plaintiff's lawsuits challenge the validity and duration of his sentence. Accordingly, Plaintiff's civil rights claim is barred by Heck at this time. See Heck, 512 U.S. at 486-87. The claim must be dismissed with prejudice as frivolous and for failure to state a cognizable claim. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir.1996) (explaining that claims barred by Heck are "dismissed with prejudice to their being asserted again until the Heck conditions are met"); Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir.1996)(Claims barred by Heck are legally frivolous).

For the forgoing reasons,

**IT IS RECOMMENDED** that Plaintiff's §1983 complaint be **DENIED AND DISMISSED** as frivolous and failing to state a claim for which relieve can be granted. Plaintiff should refer to the information presented herein and in Docket No. 1:07-cv-0027, Moten v. Avoyelles Correctional, regarding the proper procedure for challenging the fact or duration of his confinement.

Under the provisions of 28 U.S.C. Section 636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 19th day of June, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

4